616

670 A.2d 193

**COMMONWEALTH of Pennsylvania,**

v.

**Robert William WRIGHT, Appellant.**

Superior Court of Pennsylvania.

Submitted Dec. 5, 1995.

Decided Jan. 19, 1996.

Lawrence W. Kustra, Pittsburgh, for appellant.

George R. Kepple, District Attorney, Kittanning, for Com., appellee.

Before CIRILLO, TAMILIA and BROSKY, JJ.

CIRILLO, Judge:

Robert Wright appeals from the judgment of sentence entered April 7, 1995 in the Court of Common Pleas of Armstrong County. We affirm.

Following a jury trial, Wright was found guilty of conspiracy to deliver drugs on August 13, 1992. Wright filed post-trial motions in arrest of judgment and for new trial, which were denied.[1] Wright's appeal raises the following two questions:

ter of *Mandell, supra.* Such conduct by the court failed to afford Dolfi his due process rights.

1. These motions were denied on June 22, 1993, and the trial court ordered a pre-sentence report. Wright was sentenced to not less than twenty-one months and not more than forty-two months at the Diagnostic and Classification Center at Pittsburgh at the hearing on April 7, 1995. The record does not reveal why there was a two-year delay in sentencing for this charge, although there is mention of the illness and death of Wright's son in December, 1994. The sentencing hearing also

1. Was hearsay evidence properly admitted at trial to enter the out of court statement of a co-defendant?

2. Was the defendant's right to due process abridged by the admission of hearsay evidence of [an] out of court statement by a co-defendant?

After reviewing the record, the parties' briefs and the relevant case law, we conclude that the Hon. Joseph A. Nickleach has properly disposed of these claims in his opinion, a copy of which is attached for purposes of allocatur.

Judgment of sentence affirmed.

related to other charges to which Wright pled guilty. Wright then filed a motion to modify the sentence, which was denied on April 14, 1995.

The determination of guilt, however, occurred on August 13, 1992. Wright's appeal is therefore limited to those issues raised in his post-trial motions, pursuant to former Pa.R.Crim.P. 1123(c)(3) (rescinded March 22, 1993, effective as to cases in which the determination of guilt occurs on or after January 1, 1994).